UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:  Chapter 11

Nortronics Corp.,  Case No. 10-13682 (BRL)

                        Debtor.

------------------------------------------------------------------x

**STIPULATED INTERIM ORDER BY AND BETWEEN
NORTRONICS CORP. AND VALLEY NATIONAL BANK
PURSUANT TO 11 U.S.C. §§ 361, 363, 503 AND 507(b), AND FEDERAL
RULES OF BANKRUPTCY PROCEDURE 4001 AND 9006 (A) ALLOWING
DEBTOR'S USE OF CASH COLLATERAL (B) PROVIDING ADEQUATE
PROTECTION AND (C) GRANTING ADDITIONAL RELIEF**

      **WHEREAS**, on July 12, 2010 (the "Petition Date"), Nortronics Corp. (the "Debtor") filed a petition pursuant to Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"); and

      **WHEREAS,** since the Petition Date, the Debtor has remained in control of its business and in possession of its assets and, since the Conversion Date has operated as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

      **WHEREAS**, the Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157(b) and 1334; and

      **WHEREAS,** this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

      **WHEREAS,** on Nortronics Corp. (the "Debtor") and Valley National Bank ("Valley") entered into a Commercial Revolving Credit Line Note ("Note") (such agreement, as amended,

restated or otherwise modified from time to time, the "Note") pursuant to which Valley agreed to make extensions of credit up to the amount of $75,000 to the Debtor (the "Valley Loan"); and

**WHEREAS**, as security for the repayment by the Debtor of the Valley Loan, the Debtor and VALLEY executed a security agreement dated as of August 8, 2005 (the "Security Agreement") pursuant to which Valley was granted a continuing security interest in and lien on all or substantially all of the Debtor's assets, whether then owned or thereafter acquired, created or existing (the "Valley Collateral"); and

**WHEREAS**, Valley's security interest in and to the Valley Collateral was perfected by the filing of UCC financing statements on August 16, 2004; and

**WHEREAS**, Debtor and Valley agree that Valley's security interest in and to the Valley Collateral constitutes a first priority, perfected security interest in the Valley Collateral; and

**WHEREAS**, as of the Petition Date, Valley was owed the sum of approximately $39,000 (the "Valley Debt") pursuant to the Note, Security Agreement and all other documents executed in connection therewith (collectively, the "Valley Loan Agreements") without defense, counterclaim or offset; and

**WHEREAS**, certain of the Valley Collateral constitutes "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code (the "Valley Cash Collateral"); and

**WHEREAS,** the Debtor requires the use of Cash Collateral to fund the operation of its business to the extent necessary to avoid immediate and irreparable harm to the Debtor's business and to maintain and preserve the value of the Debtor's assets for the benefit of its estate and creditors; and

**WHEREAS**, as a result of their negotiations, Valley has agreed to allow the Debtor's use of the Cash Collateral as set forth in the budget annexed hereto as Exhibit A, subject to the grant of the protections contained in this Stipulated Order pending a final hearing on the relief sought herein; and

**WHEREAS**, in order to provide Valley with adequate protection for the Debtor's use of the Valley Cash Collateral, among other things, the parties have agreed that: (i) Valley would retain its liens and security interests in and to the Valley Collateral and proceeds thereof; (ii) Valley's liens and security interests would be deemed valid, perfected and enforceable to the same extent such liens were valid, perfected and enforceable on the Petition Date; and (iii) such liens and security interests would continue in full force and effect and continue to encumber the Valley Collateral; and

**WHEREAS**, the parties have also agreed that Valley shall be granted a valid, perfected, binding and enforceable replacement lien (the "Replacement Lien") against all of the Debtor's pre and post-petition collateral as well as a superpriority claim for administration costs pursuant to sections 503(b) and 507(a) of the Bankruptcy Code (the "Superpriority Claim"), subject only to the Carve Out (as defined below), but only to the extent of any diminution in the value of the pre-petition Valley Collateral arising from the Debtor's use of the Valley Cash Collateral; and

**WHEREAS**, the Superpriority Claim shall be subordinate and subject to a carve out for any statutory fees payable by the Debtor under section 1930(a)(6) of Title 28 of the United States Code; and

**WHEREAS**, this Stipulated Order has been entered into by all parties in good faith, is fair and reasonable under the circumstances, and has been negotiated at arms length.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED BY THE UNDERSIGNED PARTIES AND ORDERED BY THE COURT**, that

1. The Debtor be and hereby is authorized to use the Valley Cash Collateral only as provided in the budget annexed hereto as Exhibit "A" upon the following terms and conditions:

2. The Valley Debt constitutes a valid, binding, nonavoidable obligation of the Debtor enforceable in accordance with its terms. No portion of the Valley Debt is subject to avoidance, recharacterization or subordination pursuant to the Bankruptcy Code or applicable nonbankruptcy law. The Debtor does not have, and forever releases, any claims, counterclaims, causes of actions, defenses or offset rights, whether arising out of the Bankruptcy Code or otherwise, against Valley and it agents, officers, directors, employees and attorneys.

3. Subject to the terms and conditions of this Stipulated Order, the Debtor may use the Valley Cash Collateral and any proceeds thereof from the period beginning on the date of entry of this Stipulated Order until the earlier of the date of a final hearing on relief sought herein or the occurrence of an Event of Default (as defined below) in accordance with, and subject to, the terms and provisions of the Stipulated Order and the annexed budget.

4. Pursuant to sections 503 and 507 of the Bankruptcy Code, Valley is hereby granted a Superpriority Claim, subject to and subordinate only to the Carve Out to the extent of any diminution of the value of the Valley Collateral resulting from the use of the Valley Cash Collateral pursuant to this Stipulated Order.

5. Pursuant to sections 361 and 363(e) of the Bankruptcy Code and for purposes of section 507(b) of the Bankruptcy Code, Valley is hereby granted a continuing post-petition Replacement Lien and security interest in all post-petition property of the estate of the same type against which Valley held

validly perfected liens and security interests as of the Petition Date, as adequate protection to Valley for the Debtor's use of the Valley Cash Collateral. Valley's Replacement Lien shall be subordinate to the Carve Out and shall be allowed only to the extent of any diminution in the value of the Valley Collateral resulting from the use of the Valley Cash Collateral pursuant to this Stipulated Order.

6. The Replacement Liens granted herein shall not attach to the proceeds of any action commenced under sections 544, 547 or 549 of the Bankruptcy Code in the Debtor's case.

7. Neither the Valley Collateral subject to Valley's pre-petition security interest nor the Replacement Lien granted to Valley herein shall be subject to surcharge under section 506(c) of the Bankruptcy Code.

8. In addition to the protections afforded to Valley hereunder, in accordance with the Budget, the Debtor shall, no later than the first day of each month, make a cash payment to Valley in the amount of $1,319.00, consisting of the regular interest payment due and owing under the Valley Loan Documents, together with periodic payments of principal as set forth in the Budget.

9. The Debtor shall take all steps reasonably necessary to protect and maintain the value of the Valley Collateral including without limitation the maintenance of all necessary insurance, and Valley shall be given reasonable access for the purposes of monitoring the business of the Debtor, the value of the Valley Collateral and compliance by the Debtor with the provisions of this Stipulated Order.

10. Valley shall not be required to file or record financing statements, notices of lien or similar instruments in any jurisdiction or take any other action in order to validate and perfect the security interest and liens granted to it pursuant to this Stipulated Order. If Valley shall, in its sole discretion, choose to file such financing statements, notices of lien or similar instruments or otherwise

perfect such security interest and liens, the liens and security interests granted herein shall be deemed perfected at the time and on the date of entry of this Stipulated Order.

11. The obligations of the Debtor under this Stipulated Order shall not be discharged by the entry of an order confirming a plan of reorganization or liquidation in its bankruptcy case and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtor has waived such discharge

12. Subject to applicable law (including section 726 of the Bankruptcy Code), the terms and provisions of this Stipulated Order with respect to the Replacement Liens and the Superpriority Claim granted herein shall continue for the duration of the Debtor's chapter 11 case and for the duration of the Debtor's case under any other chapter of the Bankruptcy Code to which it may be converted, and such Replacement Liens and Superpriority Claim shall maintain the priority established by this Stipulated Order until satisfied and discharged, notwithstanding the appointment of a trustee or examiner in this or any converted case, or the dismissal of this or any converted case, and notwithstanding the expiration or termination of this Stipulated Order.

13. In the event any or all of the provisions of this Stipulated Order are hereafter reversed, stayed, modified, amended, or vacated by a subsequent order of the Court or any other court, such reversal, stay, modification, amendment, or vacation shall not affect the validity of any right or obligation arising under this Stipulated Order prior to the effective date of such modification, amendment, or vacation, and such right or obligation shall be governed in all respects by the provisions of this Stipulated Order.

14. Except as expressly provided for in this Stipulated Order, by the Bankruptcy Code or applicable law, nothing contained herein shall:

a. constitute a waiver by Valley of any rights that may exist under and with respect to the Valley Loan Documents and the Valley Collateral, including, without limitation, (i) the right to exercise with respect thereto all of the rights of a secured party under the Valley Loan Documents, the Uniform Commercial Code and other applicable law, or (ii) the right to seek additional adequate protection or to challenge any impairment of Valley's secured claim or the Valley Collateral, and incident thereto to introduce such evidence as to Valley's secured claim and the value of the Valley Collateral as may be appropriate in the circumstances; or

15. The occurrence of any of the following events after the date of the Stipulated Order, unless waived by Valley in writing, shall constitute an "Event of Default" hereunder:

a. reversal, stay, vacation or modification (without the prior consent of Valley) of this Stipulated Order;

b. appointment of a chapter 11 Trustee in, or dismissal or conversion of, the Debtor's chapter 11 case to a chapter 7 case;

c. the allowance of any motion to prime or subordinate any lien or security interest of Valley or to encumber any or all of the Valley Collateral subject to such lien or security interest without the consent of Valley; and

d. any material breach of the terms of this Order.

e. Failure to timely pay any and all U.S. Trustee fees.

16. Upon the occurrence of an Event of Default after seven (7) business days written notice to the (i) Debtor; (ii) Debtor's counsel; (iii) U.S. Trustee and Creditors Committee Counsel if any, the Debtor's authority to use Cash Collateral shall terminate and the automatic stay shall be deemed vacated

without further order of the Court and VNB shall be entitled to enforce its right under the Valley Loan Agreements.

17. This Stipulated Order and the Cash Collateral use arrangement authorized herein shall become effective immediately upon authorization and approval by the Court at which time the Stipulated Order shall become final and non-appealable, all rights of appeal having been waived by the Debtor and Valley. The aforesaid arrangement and this Stipulated Order shall terminate upon (i) the occurrence of an Event of Default and written notice of such Event of Default being given by Valley to the Debtor, or (ii) September 6, 2010 subject to the parties right to seek further extension of the right to use cash collateral.

18. Subject to applicable law, the terms of this Stipulated Order shall be binding upon and inure to the benefit of the successors and assigns of each party hereto, including any trustee appointed with regard to the Debtor under the Bankruptcy Code, whether in a chapter 7 case or in this chapter 11 case.

19. No waiver by Valley of any violation of, default under or condition expressed in this Stipulated Order by the Debtor will be construed as, or constitute, a continuing waiver of such provision, or a waiver of any other violation, default or condition provided for herein.

20. The Debtor shall furnish Valley such financial information as may be reasonably requested including, but not limited to:

   a. Any financial information and pleadings filed with the Bankruptcy Court contemporaneously with their filings;

   b. All of the financial information and reports prepared by the Debtor in the ordinary course of its business;

c. Not later than the 20th day of each month (i) a proposed budget for the next calendar month, and (ii) a cash disbursements and receipts forecast for the estimated balance of the chapter 11 case; and

d. The Personal Financial Statements of Al Simon and Avelina Simon.

21. Pursuant to §361(2) and §363(e) Valley consents to a carve out (the "Carve Out") as defined herein from its liens for, (a) the fees of the Office of the United States Trustee plus any applicable interest, and (b) the benefit of a trustee who may be appointed if the Debtor's case is converted to a case under Chapter 7 of the Bankruptcy Code ) up to and limited to the amount of $5,000. The Carve Out shall be funded solely from the cash maintained by the Debtor with respect pre-petition cash collateral. The funding of the Carve Out shall cease upon a default by the Debtor pursuant to the terms of this Final Order and shall be capped at the amount funded as of the time of the default.

22. An unsecured creditors committee and/or any creditor and the Office of the United States Trustee, shall have sixty [60] days from the date of entry of the final order authorizing the use of cash collateral or the obtaining of credit to challenge the liens granted in this Order.

23. To the extent this Order conflicts with any provisions of any previous loan or agreement between the undersigned parties, this Order shall control.

24. Jurisdiction of this Order is within the Southern District Bankruptcy Court of the State of New York.

25. This Stipulated Order may be signed by the parties hereto in facsimile and/or electronic counterpart originals with the same force and affect as if fully and simultaneously signed in a single original document.

26. The Final Hearing to consider entry of the Final Order and final approval of the Motion is

scheduled for September 1, 2010 at 10:00 a.m. before this Court. On or before August 9, 2010, the Debtor shall promptly mail copies of this Interim Order, by United States mail, first-class postage prepaid to (a) the parties having been given notice of the Interim Hearing; (b) any party which has filed prior to such date a request for notices with this Court; (c) the (20) largest unsecured creditors or counsel for the Committee, if any; and (d) all parties who have filed UCC-1 financing statements against the Debtor, or who, to the Debtor's knowledge, have asserted any liens on any of the Debtor's assets. The Debtor shall immediately file with the Clerk a certificate of service of said mailing. Any party in interest objecting to the relief sought at the Final Hearing shall serve and file written objections, which objections shall be served upon: (i) counsel for the Debtor, Dwyer & Associates, LLC, 11 Broadway, Suite 615, New York, NY 10004 Attn: David Hamilton, Esq.; (ii) counsel for Valley National Bank, Cullen & Dykman, LLP, Attn: Matthew Roseman, 100 Quentin Roosevelt Blvd., Garden City, NY 11530, (iii) the Office of the United States Trustee, and (iv) counsel for the Committee, if any, and shall file with the Clerk of the United States Bankruptcy Court for the Southern District of New York, to allow actual receipt of the foregoing no later than August 31, 2010 at 5:00 p.m. prevailing Eastern time.

STIPULATED AND AGREED TO:

| Counsel for Valley National Bank | Counsel for the Debtor |

By: /s/ Matthew G. Roseman  By: /s/ David Hamilton
    Matthew G. Roseman     David S. Hamilton, Esq.
    100 Quentin Roosevelt Boulevard     Dwyer & Associates
    Garden City, New York 11530     11 Broadway
    (516) 357-3700     Suite 615
        New York, New York 10004
Dated: Garden City, New York     (212) 203-4965
    August 2, 2010

No Objection
Office of the United States Trustee


/s/ Nazar Khodorovsky
Trial Attorney

Dated: August 2, 2010
    New York, New York

Dated: August 5, 2010
    New York, New York     /s/ Burton R. Lifland
        HONORABLE BURTON R. LIFLAND
        UNITED STATES BANKRUPTCY JUDGE

## Exhibit A: Monthly Budget – August Predicted

| | |
|---|---|
| Rent | $3,601.00 |
| Water | $137.00 |
| Telephone | $690.00 |
| Cell Phone | $400.00 |
| Electricity | $1,300.00 |
| E-Z Pass | $515.00 |
| Payroll | $31,000.00 |
| Reimbursements | $4,000.00 |
| Adequate Protection Payments | $1,319.00 |
| Postage | $185.00 |
| Health Insurance | $2,010.00 |
| Union | $1,700.00 |
| Workman's Comp | $450.00 |
| General Liability Insurance | $560.00 |
| Auto Insurance | $284.00 |
| Material | $7,500.00 |
| Tools | $300.00 |
| Waste Removal | $112.00 |
| Total - Payables | $56,063.00 |
| Total - Expected Receivables | $52,000.00 |
| | |
| Difference | ($4,063.00) |