DWYER & ASSOCIATES LLC
*Attorneys for Debtor*
11 Broadway, Suite 615
New York, NY 10004
Tel: (212) 518-3663
Email: Tanya@dwyerlawnyc.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In Re:

**NORTRONICS, CORP.**




                    Debtor and Debtor in Possession
-------------------------------------------------------------x

Case No.: 10-13682

In Proceeding for
Reorganization Under
Chapter 11

**NOTICE OF MOTION OF THE DEBTORS COUNSEL FOR APPLICATION OF
INTERIM ALLOWANCE FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES**

PLEASE TAKE NOTICE, that, upon the Motion of the Debtor for an Order

authorizing Debtor's Counsel to be compensated for professional fees and reimbursed

expenses (the "Motion") dated April 6, 2011, the Debtor will move at a hearing to be held

before the Hon. Sean H. Lane at the United States Bankruptcy Court, SDNY, Alexander

Hamilton Customs House, One Bowling Green, New York, NY 10004 on April 18, 2011

at 10:00 a.m. of said day, or as soon thereafter as counsel can be heard for an Order

permitting Debtor's Counsel payment of Professional Fees and reimbursement of

expenses.

PLEASE TAKE FURTHER NOTICE that responsive papers, if any, shall be

filed with the Court in compliance with the Court's electronic filing system and

served upon Tanya P. Dwyer, Esq. at Dwyer & Associates LLC, 11 Broadway,

Suite 615, New York, NY, 10004 Office of the United States Trustee, attn: Nazar

Khodorovsky, Esq., Southern District of New York, 33 Whitehall Street, 21st. Floor,

New York, NY 10004; with a courtesy copy delivered to the Hon. Sean H. Hall so

as to be received no later than the date and time of the hearing.

Dated:  April 6, 2011

New York, New York

Respectfully submitted,

/s/ Tanya P. Dwyer
Tanya P. Dwyer
DWYER & ASSOCIATES LLC
Attorneys for Debtor
11 Broadway, Suite 615
New York, NY 10004
Tel: (212) 518-3663
E: Tanya@dwyerlawnyc.com

DWYER & ASSOCIATES LLC
*Attorneys for Debtor*
11 Broadway, Suite 615
New York, NY 10004
Tel: (212) 518-3663
Email: Tanya@dwyerlawnyc.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x          Case No.: 10-13682
In Re:

                                                     In Proceeding for
**NORTRONICS, CORP.**          Reorganization Under
                                                     Chapter 11


                        Debtor and Debtor in Possession
------------------------------------------------------------x


### APPLICATION OF INTERIM ALLOWANCE FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

To:    The Honorable Sean H. Lane, United States Bankruptcy Judge

    The application of Dwyer & Associates LLC, respectfully represents:

    1.   Applicant firm is counsel for the above-named Debtor and Debtor in Possession

and makes this application for interim allowance of compensation, pursuant to section

331 of the Bankruptcy Code, for professional services rendered and for reimbursement of

out-of-pocket expense necessarily incurred by Applicant firm in the representation of said

Debtor

    2.   This case was commenced by the filing of a petition seeking reorganization

pursuant to chapter 11 of the Bankruptcy Code on July 12, 2010.  The Debtor has

continued in possession of its property.

3.   On August 24, 2010, this Court entered its order authorizing the employment of the law firm of Dwyer & Associate LLC, as counsel for the Debtor.  Applicant firm has filed with the Court a statement disclosing compensation pursuant to section 329(a) of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules.  Attached hereto as Exhibit A and incorporated herein by reference is an accounting of the application of funds received following the filing of the original petition herein and an accounting of any funds paid to the Applicant firm pursuant to Orders of this Court.

4.   No prior applications for interim allowance of compensation for professional services have been filed by Applicant firm in this case.

5.   All professional services for which interim allowance of compensation is requested were performed by Applicant firm for and on behalf of the Debtor and not on behalf of any committee, creditor or any other person.  Applicant has made every possible effort to avoid duplication of services within Applicant firm and as between Applicant and other professionals employed in this case, and Applicant has not undertaken any effort except as appeared beneficial to the estate or necessary to the administration of this case.  This application covers the allowance of compensation for professional services performed from July 12, 2010 through February 23, 2011.

6.   During the period covered by this application, the Applicant firm expended a total of 15.17 hours for professional services rendered on behalf of the Debtor.

7.   Expenses through April 6, 2011, which have not been reimbursed or previously applied for total $44.00 and are detailed in Exhibit C attached hereto and incorporated herein by reference.

**APPLICABLE LEGAL STANDARDS RELATING TO SECTION 330**

8.   Section 330(a) of the Bankruptcy Code provides that a bankruptcy court may award to a professional person employed under section 327:

> (A)   Reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by any such person; and
>
> (B)   reimbursement for actual, necessary expenses.
>
> * * *
>
> (3)(A)  In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

9.   Section 503(b)(2) of the Bankruptcy Code provides that:

After notice and a hearing, there shall be allowed administrative expenses . . . including . . . compensation and reimbursement awarded under section 330(a) of this title . . .

10.     Although the Supreme Court has not ruled on the proper method for determining reasonable fees under section 330(a), the Court has established guidelines generally applicable to awards of attorneys' fees under other federal statutes, which require that the fee awarded be reasonable.  See Pennsylvania v. Delaware Valley Citizens' council for Clean Air, 478 U.S. 546 (1986) (construing standards for award of fees under § 304(d) of the Clean Air Act) ("Delaware Valley I"); Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711 (1987) ("Delaware Valley II").  In Delaware Valley I, the Court concluded that the "lodestar" approach to determining fees for services performed, as articulated in Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3rd Cir. 1973), was preferable to other, more subjective methods: "[T]he 'lodestar' figure includes most, if not all, of the relevant factors comprising reasonable attorneys' fees." 478 U.S. at 565.  Courts in this Circuit have generally followed the lodestar guidelines for fee awards. In re United States Football League, 887 F.2d 408, 413 (2d Cir. 1989); City of Detroit v. Grinnel Corp., 560 F.2d 1093, 1098 (2d Cir. 1977) ("Grinnel II"); City of Detroit v. Grinnel Corp., 495 F.2d 448, 471 (2d Cir. 1974) ("Grinnel I").

11.     Lodestar.  Under the lodestar calculation, a reasonable hourly rate is set by the court based on a number of factors, including the difficulty of the task, the prevailing market rate for counsel of the petitioner's experience, counsel's normal billing rate, and the rates awarded by other courts in similar circumstances.  In Grinnel II, the Second Circuit calculated attorneys' fees by "multiplying the number of hours expended by each

attorney involved in each type of work on the case by the hourly rate normally charged for similar work by attorneys of like skill in the area." 560 F.2d at 1098.  Once the base or "lodestar" rate is established, "other less objective factors such as the risk of litigation, the complexity of the issues, and the skill of the attorneys, could be introduced to determine a final fee amount." Id.  The American Bankruptcy Institute favors the lodestar approach as "giving the courts a simple mathematical formula to apply as the starting point for the analysis, with the reasonableness inquiry narrowed principally to the hourly rate and time spent factors." American Bankruptcy Institute National Report on Professional Compensation in Bankruptcy Cases (G.R. Warner rep. 1991) p.144.

12.     The first step to be taken in a lodestar analysis is to determine the nature and extent of services rendered.  As is set forth more fully in the foregoing paragraphs and in Exhibit A hereto, Applicant's professionals and paraprofessionals have expended a total of 15.17 hours rendering legal services during the Service Period.  Applicant respectfully submits that the hours worked by Applicant's personnel were reasonable and necessary given the numerous and oftentimes intricate issues which arose during this Case.

13.     The next step to be taken is to establish a reasonable hourly rate.  Section 330(a) of the Bankruptcy Code provides for the award of reasonable compensation for actual and necessary services performed by professionals employed pursuant to sections 327 and 1103 of the Bankruptcy Code "based on the time, the nature, the extent, and the value of comparable services other than in a case under this title." See also Collier on Bankruptcy, 330.02, p. 330-12 (15th Ed. 1996).  The Bankruptcy Code thus rejects the "principle of economy" which existed under the Bankruptcy Act.  "Notions of economy

of the estate in fixing fees are outdated and have no place in a Bankruptcy Code." 124 Cong. Rec. 11,0899 (daily ed. Sept. 28, 1978) (Statement of Congressman Edwards on policies underlying Section 330). Accord In re Bible Deliverance Evangelistic Church, 39 B.R. 768, 774 (Bankr. E.D. Pa. 1984); In re Penn-Dixie Industries, Inc., 18 B.R. 834, 838 (Bankr. S.D.N.Y. 1982).

14. Indeed, Congress has made clear that the fees paid in bankruptcy cases must be no less than those paid in other cases involving legal specialties with comparable complexities and responsibilities: "Bankruptcy specialists. . . if required to accept fees in all of their cases that are consistently lower than fees they would receive elsewhere, will not remain in the bankruptcy field." H.R. Rep. No. 595, 95th Cong. & Admin. News, p. 5787. Consistent with the intent of Congress as expressed in the legislative history of the Bankruptcy Code, it is "necessary to compensate bankruptcy attorneys, whenever possible, at the highest rate of compensation available for their efforts." In re Bible Deliverance Evangelistic Church, supra, 39 B.R. at 773. See also In re Penn-Dixie Industries, Inc., supra, 18 B.R. at 838 (a liberal standard of compensation is needed to "encourage successful administration of estates by attracting bankruptcy specialists of high quality"). In sum, Congress intended that allowance of professional fees in bankruptcy cases should be at market rates in the market in which they customarily practice. In re Jenson-Farley Pictures, Inc., 47 B.R. 557, 578-79 (Bankr. D. Utah 1985).

15. The rates being charged by Applicant are commensurate with those typically charged by Applicant and other firms in the Southern District of New York. Accordingly, the lodestar amount of fees sought by Applicant (its customary hourly

billing rate multiplied by the reasonable and necessary amount of time spent) is both reasonable and appropriate.

16.    _The Johnson v. Georgia Highway Test_.  The lodestar calculation has largely supplanted the twelve-factor test of Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), which had gained prominence under the Bankruptcy Act. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. at 546 ("the lodestar figure includes most, if not all, of the relevant factors comprising a 'reasonable' attorney's fee"); In re Cena's Fine Furniture, Inc., 109 B.R. 575 (Bankr. E.D.N.Y. 1990) (the Supreme Court makes clear that the lodestar amount is presumed to subsume the twelve factors articulated by Johnson); In re Paster, 119 B.R. 468, 469 (E.D. Pa. 1990) (the lodestar method of fee calculation is the appropriate method of determining attorneys' fees in all federal courts, including the bankruptcy courts).  The Supreme Court, in another context, acknowledged that the lodestar was the "centerpiece" for the computation of a reasonable hourly rate; however, the Court suggested that the twelve Johnson factors could be considered for adjustments to the lodestar calculation. Blanchard v. Beraeron, 489 U.S. 67, 74 (1989).

17.    A number of courts do still adhere to the Johnson test, or combine the two tests by using the lodestar calculation and adjusting the resulting figure by reference to the relevant Johnson factors. See e.g., In re Nine Associates, Inc., 76 B.R. 943 (Bankr. S.D.N.Y. 1987); In re Cuisine Magazine, Inc., 61 B.R. 210 (Bankr. S.D.N.Y. 1986); In re Affinito & Son, Inc., 63 B.R. 495 (Bankr. W.D. Pa. 1986).

**Time, Nature and Extent of Services, Results Obtained and Related Factors.**

18.     The foregoing summary description, together with <u>Exhibit C</u> attached hereto, details the time, nature and extent of the professional services rendered by Applicant.  Further, Applicant believes that the time spent was justified by the results that have been achieved.

19.     The services rendered were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed.  Whether reviewed individually as to each of the tasks described above or collectively as a whole, the time expended by Applicant has been reasonable and efficient to accomplish the needs of the debtor and its creditors in this Case.

**The Skill Requisite to Perform the Legal Services Properly.**

20.     In order to perform the services and obtain the results required in its representation of the Debtor, substantial legal skill and experience in the areas of bankruptcy, commercial law, secured transactions and negotiations were required by Applicant.

**Preclusion of Other Employment.**

21.     Adequate representation of the Debtor in this Case required a substantial commitment of the resources of Applicant.  Although Applicant was not precluded as a result of its representation in this Case from accepting other engagements, matters in this Case were treated by Applicant in an expeditious and professional manner.  Also, various matters in this Case required Applicant to devote considerable time, often to the preclusion of expending time on other active matters within Applicant's office.

**Time Limitations or Other Circumstances.**

22.     From the outset of this Case, almost all of the matters in this Case have required the necessity for rapid resolutions on an expedited basis.

**Amounts Involved and Results Obtained.**

23.     The Debtor has achieved significant results in resolving disputes and moving towards an anticipated confirmation of the Plan in a manner intended to provide a full distribution to unsecured creditors.

**The Customary Fee.**

24.     The hourly rates of the attorneys of Applicant set forth on attached Exhibit C reflects the hourly rates billed by Applicant to its clients in other bankruptcy and commercial cases.

**Awards in Similar Cases.**

25.     The amount requested by Applicant is not unreasonable in terms of awards in cases of similar magnitude and complexity.  The compensation requested by Applicant comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services preformed in non-bankruptcy cases in the community.  The hourly rates requested by Applicant's attorneys are billed by Applicant to both its court-approved and regular commercial clients, notwithstanding the risk of non-payment in these cases.

**Whether the Fee is Fixed or Contingent.**

26.     As in any chapter 11 case, Applicant's compensation in this matter is ultimately contingent and subject to the approval of the Court.

**The Experience, Reputation and Ability of the Attorneys.**

27.     The attorneys of Applicant working on this case are experienced in the area of bankruptcy.  All attorneys are admitted to the Bar of the State of New York and, among others, to the Bars of the United States District Courts for the Southern and Eastern Districts of New York, the Second Circuit Court of Appeals and the United States Supreme Court.

**Nature and Length of the Professional Relationship with the Client.**

28.     Applicant had not previously represented the Debtor prior to this Proceeding.

29.     It is respectfully submitted that whether one applies the "lodestar" approach or includes a review of the <u>Johnson</u> factors, the fees sought by Applicant are reasonable and appropriate.  Applicant submits that its efforts resulted in substantial benefit to the estate to date.

30.     Applicant respectfully submits that the Application as set forth herein provides sufficient detail with respect to the factors and provides a reasonable basis for this Court to determine the amount of fees pursuant to Applicant's request.

**APPLICABLE LEGAL STANDARDS FOR SUBSTANTIAL <u>CONTRIBUTION</u>**

31.     Section 503(b)(3)(D) of the Bankruptcy Code provides that, "a creditor, an indenture trustee, an equity security holder, or committee representing creditors . . . other than a committee appointed under section 1102" shall be allowed as an administrative expense, the actual and necessary expenses in making a "substantial contribution" in a chapter 11 case.  Section 503(b)(4) of the Bankruptcy Code provides that a creditor shall be allowed, as an administrative expense, payment or reimbursement of reasonable attorneys' fees and expenses incurred in making a substantial contribution in a chapter 11

case. See, e.g., In re McLean Indus., Inc., 88 B.R. 36, 39 (Bankr. S.D.N.Y. 1988). When considered together, sections 503(b)(3)(D) and 503(b)(4) provide that a creditor may recover from a debtor's estate (1) actual and necessary expenses and (2) reasonable attorneys' fees and expenses incurred in making a substantial contribution to the debtor's estate. See, e.g., In re Granite Partners, 213 B.R. 440, 445 (Bankr. S.D.N.Y. 1997); In re United States Lines, Inc., 103 B.R. 427, 429 (Bankr. S.D.N.Y. 1989), aff'd, 1991 WL 67464 (S.D.N.Y. April 22, 1991); In re Texaco, 90 B.R. 622, 627 (Bankr. S.D.N.Y. 1988); In re McLean Indus., Inc., supra, 88 B.R. at 39.

32.     A substantial contribution award is intended "to promote meaningful participation in the reorganization process, but at the same time, discourage mushrooming administrative expenses." In re Granite Partners, 213 B.R. at 445; In re Best Prods. Co., Inc., 173 B.R. 862, 865 (Bankr. S.D.N.Y. 1994). A substantial contribution award is appropriate "when the creditor involvement truly fosters and enhances the administration of the estate." See also In re Randall's Island Family Golf Ctrs. Inc., 300 B.R. 590, 598 (Bankr. S.D.N.Y. 2003); In re Best Prods. Co., Inc., 173 B.R. at 865 ("[c]ompensable services are those which facilitate progress of the case, rather than those which retard or interrupt"); In re McLean Indus., Inc., 88 B.R. at 39 ("(i)f… an attorney renders services not only on behalf of his or her client's interests, but he or she also confers a significant and demonstrable benefit upon the creditors of the estate, the expenses thereby incurred should be compensated").

33.     The Bankruptcy Code does not define "substantial contribution." In considering these applications, however, courts have found that a party has made a substantial contribution when "the services rendered have substantially contributed to an

actual and demonstrable benefit to the debtor's estate, its creditors, and to the extent relevant, the debtor's shareholders." In re U.S. Lines, Inc., 103 B.R. at 429 (citing cases); see also In re Randall's Island Family Golf Ctrs., Inc., 300 B.R. at 598; In re Granite Partners, 213 B.R. 445-46; In re Best Prods. Co., Inc., 173 B.R. at 865; In re McLean Indus., Inc., 88 B.R. at 39. "Services which substantially contribute to a case are those which foster and enhance, rather than retard or interrupt the progress of reorganization." In re U.S. Lines, 103 B.R. at 429.

34.     In the Hooker case, the Court outlined the following factors as relevant in determining whether a substantial contribution has been made: "whether the services in question were rendered to benefit all parties in the case; whether the services conferred direct, significant, and demonstrably positive benefit upon the estate; and whether the services were duplicative of services performed by others. See In re Hooker Inves. Inc., 188 B.R. 117, 120-21 (Bankr. S.D.N.Y. 1995), citing In re Buckhead America Corp., 161 B.R. 11, 15 (Bankr. D. Del. 1993); see also In re Best Prods. Co., Inc., 173 B.R. at 865.

35.     It is clear that the work of the Applicant on behalf of a member of the Debtor and the Debtor during the Post-Trustee Period meets the required standard for substantial contribution.

36.     Section 503(b)(4) permits a creditor who makes a substantial contribution to an estate to recover its reasonable legal fees and expenses.  Here, the time records and other detail attached as Exhibit C demonstrate that the fees and expenses sought are, in fact, reasonable in light of both the tasks undertaken and the successful result.

37.     It should be noted that all disbursements, including, but not limited to, photocopying and facsimiles have been modified to conform to the limitations as

provided in the Fee Guidelines.  A certification as required by the Fee Guidelines is appended hereto.

      **WHEREFORE,** Applicant respectfully requests that the Court enter an Order, allowing and awarding the requested compensation of (i) $4,571.05 and reimbursement of requested expenses in the amount of $44.00 ; (ii) granting such other and further relief as is just and equitable, for all of which no other application has been made to this or any other Court.

      Respectfully submitted this April 6, 2011.

                   DWYER & ASSOCIATES, LLC
                   By:    s/Tanya P. Dwyer_____
                        Tanya P. Dwyer, Esq.
                        11 Broadway
                        Suite 615
                        New York, NY 10004
                        (212) 518-3663

## **Summary Sheet**

1) Total compensation and expenses requested: $4,615.05

2) Total compensation and expenses previously awarded by the Court: $0

3) Name and applicable billing rate for each person who billed time during the period:

    a.  Tanya Dwyer, Esq: Standard rate of $380 per hour as based on compensation charged by other practitioners in cases other than title 11.

        (Date of admission: 10/2007)

    b.  Tangier Harper, J.D.: Standard rate of $200 per hour as based on compensation charged by other practitioners in cases other than title 11.

4) Total expenses: $44.00

**EXHIBIT A: ACCOUNTING OF APPLICATION OF FUNDS**

This firm received $15,000.00 from Nortronics, Inc. personally prior to the filing of this Chapter 11 bankruptcy for the preparation of the petition and filing for approximately 40 hours of attorney work at $380 an hour.

At the time of filing, this balance was zero. Nortronics, Corp. did not owe Dwyer & Associates LLC any money upon the filing of the petition. This application does not seek funds for pre-petition work.

## **EXHIBIT B: APPLICANT BILLING RATES FOR OTHER BANKRUPTCY**

## **AND COMMERCIAL CASES**

Principle Attorney:     $250 to $380

Of Counsel:     $250

Associates:     $250 to $350

Paraprofessionals:      $150 to $200

# EXHIBIT C: APPLICANT INVOICE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In Re:

**NORTRONICS, CORP.**

Case No.: 10-13682

In Proceeding for
Reorganization Under
Chapter 11

Debtor and Debtor in Possession
-------------------------------------------------------------x

## ORDER GRANTING INTERIM ALLOWANCE FOR COMPENSATION
## AND REIMBURSEMENT OF EXPENSES

Upon consideration of the application of Dwyer & Associates LLC ("Attorneys")

for a first and interim allowance of compensation for services rendered and for

reimbursement of expenses incurred as counsel to Nortronics, Inc. (the "Debtor"); and

due and adequate notice of the application having been given pursuant to Federal Rules

of Bankruptcy Procedure 2002(a)(6) and c(2); and after due deliberation thereon; and

sufficient cause having been shown herefor, it is hereby

**ORDERED** that the applications are granted to the extent set forth below:

Total compensation and expenses payable to Debtors counsel may be paid by the

Debtor to Dwyer & Associates LLC in the amount of $4,615.05;

Dated:_____          _____

Judge, U.S. Bankruptcy Court

Entered on Docket: _____

I ASK FOR THIS:

/s/ Tanya P. Dwyer_____
TANYA P. DWYER
DWYER & ASSOCIATES LLC
*Attorneys for Debtor*
11 Broadway, Suite 615
New York, NY 10004
Tel: (212) 203-4965
Email: Tanya@dwyerlawnyc.com